JOHN N. PROCTOR v. W. C. KINCEAD ET AL.

Actions—Irregularity in Pleadings—Waiver.
　　The plaintiffs were allowed to file a paper purporting to be both an
　　amended petition and reply, by which the averments of the counter-
　　claim were controverted. This was irregular, and plaintiff might have
　　been compelled by rule to elect between the two aspects of the pleading
　　that of or the other might be stricken out; but this was not done, and
　　the paper seems to have been treated as a reply by the parties, and so
　　recognized by the court, and that was a substantial waiver of all objection
　　to the unauthorized form of the pleading.

APPEAL FROM FLEMING CIRCUIT COURT.

December 1, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

The answer to the original petition sufficiently alleges facts importing a breach of the contract in the agreement sued upon, to allow the defendant to enter on and seed the land, and occupy part of the house, to constitute a counter claim, which might have been taken as true if not controverted.

But although a separate reply was the appropriate pleading for this purpose, the plaintiffs were allowed to file a paper purporting to be both an amended petition and reply, by which the averments of the counter claim were controverted. This was irregular, and the plaintiff might have been compelled by rule to elect between the two aspects of the pleading, that one or the other might be stricken out; but this was not done, and the paper seems to have been treated as a reply by the parties, and so recognized by the court, and that was, we think, a substantial waiver of all objections to the unauthorized form of the pleading.

On the merits of the case, it does not appear to us, that the evidence as to the alleged violations of the contract by the plaintiff, was sufficient to entitle the defendant to any relief on his counter claim. Some interruption seem to have occurred in the attempt to seed the land, and in the enjoyment of part of the premises by the defendant's son and tenant, under the contract, and there is proof that the crop of barley was damaged by Cooper's cattle, but none of these facts are so proved as to distinctly show a breach of the covenant of the plaintiffs, not induced or assented to by the defendants. At most the evidence of damage by the violation of the plaintiff's agreement was not sufficiently clear to authorize the court to fix and set off any amount, against the plaintiff's claim.

Wherefore the judgment is *affirmed*.

*Rodman, Scott, Alexander, for appellant.*